PIETSCH, Judge,
concurring in the result:
I write separately with respect to the part of the opinion affirming the Board’s denial of referral under 38 C.F.R. § 4.16(b) for consideration of TDIU on an *292 extraschedular basis. I disagree with the opinion’s holding that the Board provided adequate reasons or bases for rejecting the appellant’s argument that his limited education and employment experience precludes him from substantially gainful sedentary employment. However, I believe that the appellant failed to meet his burden to demonstrate that the error was prejudicial and therefore concur in the af-firmance of Board’s decision not to refer a TDIU for extraschedular consideration.
The appellant argues before the Court, inter alia, that the Board provided inadequate reasons or bases for rejecting his argument (R. at 42) that his limited education, consisting of a high school degree, and his limited employment experience, consisting of manual labor-intensive positions, preclude him from substantially gainful employment. The Board explained that “while the Veteran’s education and work experience may limit his employment opportunities, it does not seem that the lack of a college degree would preclude the Veteran from all sedentary employment.” R. at 26 (emphasis in original).
The Board’s reasons or bases are inadequate for the following reasons. First, the Board did not address the appellant’s specific argument. See Robinson v. Peake, 21 Vet.App. 545, 552 (2008) (the Board is required to address all issues and theories that are reasonably raised by the claimant or the evidence of record), aff'd sub. nom Robinson v. Shinseki, 557 F.3d 1355 (Fed.Cir.2009). The appellant did not argue regarding the effects of the lack of a college degree; rather, he argued that his education was limited to a high school degree. R. at 42. There are types of education beyond a high school degree that do not constitute a college degree. Thus, the Board addressed the wrong argument. Further, the Board’s explanation addressed the appellant’s education but did not discuss his limited work experience.
Second, the Board’s explanation that “it does not seem” that the lack of a college degree would preclude the veteran from all sedentary employment is speculation, not based on any evidence of record. To the extent that such a question calls for special expertise, there is no indication that the Board member who authored the decision is qualified to render an expert opinion on the matter. See Colvin v. Derwinski, 1 Vet.App. 171, 172 (1991) (the Board may not rely on its own judgment, in the absence of record evidence, in matters that call for specialized expertise). In addition, the legal question is not whether the veteran is precluded from all sedentary employment, but whether he is precluded from all nonmarginal sedentary employment. See 38 C.F.R. § 4.16(a) (2014); see also Bowling v. Principi, 15 Vet.App. 1, 6 (2001).
Thus, I agree with Judge Schoelen that the Board provided inadequate reasons or bases for rejecting the appellant’s argument as to his limited education and experience.
However, I would find that the appellant failed to meet his burden to demonstrate that such error was prejudicial, as he fails to make any showing of prejudice in his brief. See Shinseki v. Sanders, 556 U.S. 396, 407-10, 129 S.Ct. 1696, 173 L.Ed.2d 532 (2009) (under the harmless error rule, the appellant has the burden of showing that he suffered prejudice as a result of VA error). Further, he does not challenge the Board’s finding that his service-connected knee disabilities do not preclude sedentary activities, or its finding that VA satisfied its duty to assist (including with respect to the provision of a vocational assessment), and has not pointed to any evidence in the record of proceedings demonstrating that his level of education and his employment experience categorically *293 preclude him from sedentary employment that would provide more than marginal income. The lack of evidence in the record of proceedings before the Court on that material issue, the favorable resolution of which is necessary for the grant of a VA benefit, warrants, given the particular circumstances of this case, a finding of harmless error. See 38 U.S.C. § 5107(a) (“[A] claimant has the responsibility to present and support a claim for benefits.”); Skoczen v. Shinseki, 564 F.3d 1319, 1323— 29 (2009) (interpreting section 5107(a) to obligate a claimant to provide an evidentia-ry basis for his or her benefits claim, consistent with VA’s duty to assist, and recognizing that “[w]hether submitted by the claimant or VA ... the evidence must rise to the requisite level set forth in section 5107(b),” requiring an approximate balance of positive and negative evidence regarding any issue material to the determination); Fagan v. Shinseki, 573 F.3d 1282, 1286 (2009) (stating that the claimant has the burden to “present and support a claim for benefits” and noting that .the benefit of the doubt standard in section 5107(b) is not applicable based on pure speculation or remote possibility).